

DENNIS ANDREW BALL
TRUSTEE, ERBIRRETRUST05/10/01
C/O OFFICE OF THE TRUSTEE
DOWNTOWN STATION-BX4261
PHOENIX, AZ 85030-4261
602/971-1775
602/867-7833 fax

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| In Re Dennis Andrew Ball, personally and as Benefactor of the Eleanor R. Ball IrreLvg Trust05/10/01. | No. **CV-08-0746-PHX-GMS**<br>No. CV-09-0065-PHX-GMS<br>No. CV-09-0066-PHX-GMS<br>No. CV-09-0085-PHX-GMS<br>No. CV-09-0086-PHX-GMS<br>No. CV-09-0122-PHX-GMS<br>No. CV-09-0123-PHX-GMS |
| (Case Consolidated) | **AMENDED COMPLAINT**<br>**LRCiv 15.1**<br>**COUNTS I-V; XX** |
| | The Honorable G. Murray Snow |

**PLAINTIFF, DENNIS ANDREW BALL & TRUSTEE FOR THE ELEANOR R. BALL IRREVOCABLE LIVING TRUST 05/10/01**, upon his oath, affirms,

deposes and believes that the defendants together conspired to defraud the plaintiff by

looting the estate and trust Eleanor R.Ball therefore plaintiff demands a Jury Trial by

Rule 38 (a) (b) Federal Rules of Civil Procedure; Rule 9(b). Jurisdiction & Venue are

proper 28 USC 1332 (a) (1) The amount sought is in excess of the jurisdictional minimum.

    **I.** That the filing of suit resonated out of discovery in the Arizona Bankruptcy

Court by audit and was performed by counsel for that discovery by and through

1

Subpoena power of <u>all</u> the important accounting records during the time the Ball Trust Audit was being compiled both in the Bankruptcy Court and the State Court proceedings Of defendants client and Plaintiff's mother, Eleanor R. Ball. The audit extended also to other 3rd parties named in the complaint and filed in separate suits in and outside Arizona by which designates as an Arizona Trust debtor-in-possession 2:05-bk-21529-PHX-GBN. As a result, the Discovery Issues affirmed by the audit have **never been heard by any Court including a denial by the State Court over many appeals to the contrary.**

Therefore, motion is hereby given for a **Jury Trial by Amendment 7 USC and Rule 38(a) (b) Federal Rules of Civil Procedure. This motion is consistent with Plaintiff's right of "due process" denied him in the State Courts of Arizona.**

Together with this demand for Jury, **Plaintiff and Trustee of the Eleanor R. Ball Irrevocable Living Trust requests the Court:**

1. **Schedule a Pre-trial hearing for discovery motions including exchange of documents and evidence with time set-aside for depositions and discovery of the defendants' liability to the Plaintiff, trust and estate of the deceased, Eleanor R. Ball.**

2. Make Jury selection a priority by those who are familiar and have domiciled with Senior Citizens, handled their finances and health care issues and have interests and concerns of their own regarding the conduct of those entrusted to care and manage their loved ones before or after the decedent including investigation by "Grand Jury".

2

3. Allow the plaintiff to file interrogatories and require they be timely served and replied including if needed interlocatories to seal evidence.

4. The Plaintiff is of the opinion that Justice delayed is Justice denied in any Court and in this case has been denied in the State Court on all Counts of the filed Complaint. The Complaint pleads the truth and describes in detail opposite the pleadings of the Defendants the actions of the defendants' during the time of their appointment by the State Court throwing their conduct of their client's estate into the Jurisdiction of the United States Bankruptcy Court In And For The District of Arizona 2:05-bk-21529-PHX-GBN. Thereafter, jurisdiction of this case can be traced back to its origin in the United States Trustees Office for further proceedings consistent with all Counts of the Complaint with Jurisdiction arising in the United States Bankruptcy Court due to the fiduciary malfeasance discovered by the Plaintiff & Trustee presented to the United States Department of Justice and the United States Attorney Office In And For The State of Arizona.

So Sayeth the Affiant: _____
Plaintiff & Trustee, Dennis Andrew Ball
TrusteeERBIRRETR05/10/01

## PLAINTIFF'S AMENDED COMPLAINT

II. COMETH NOW THE MOVANT'S CONSOLIDATED CLAIMS BY WHICH RELIEF CAN BE GRANTED BY A JURY OF PEERS,

3

**(LRCiv. 38 (a) (b)) AND THIS HONORABLE COURT OF LAW.**

***Consistent with the Courts' Order dated 3/27/2009, Federal Rules Of Civil Procedure 8, 9, & 10 are so noted by the Plaintiff & Trustee.***

---

**III.** Consistent with Rule 8(a) and Common to All the filed Complaints are several "Counts & Claims" that relief for the Plaintiff can be granted" by a "Jury" and "Court of Law".

## THE FACTS

1. Jurisdiction originated in Maricopa County, Arizona beginning on May 10, 2001 from the Eleanor R. Ball Irrevocable Living Trust, an Arizona Trust with diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1). The amount sought is in excess of the jurisdictional minimum. Venue is proper in this Court under 28 U.S.C. 1332(a)

2. Much has been made of this case in the State Courts of Arizona, however, the "train wreck" the defendants caused Eleanor R. Ball, her estate & trust and her legal heir & benefactor, Dennis Andrew Ball has required a complete accounting of the facts of their unlawful conduct. As a consequence of such behavior, her estate and trust were thrust into Arizona Bankruptcy Court on October 7, 2005, the same day the plaintiff was fighting to have proper contact and visitation **with his own mother** in the Arizona State Court. The case number are 2:05-bk-21529-PHX-GBN; MCSC PB2004-001053 by which the Arizona Bankruptcy Court took jurisdiction of that case as a debtor-in-possession (DIP) common to all the defendants who put it there by their unlawful conduct,

3. These "Assets" consisted of several real estate properties located in both Illinois

and Arizona with "Land Trust" interests that followed the Plaintiff's mother to Arizona prior to her death on April 28, 2006    Her liquidity included Certificate of Deposit Bank accounts generating monthly income to support her needs and daily living requirements with the investment of annuity income, rental property and social security income. The Plaintiff also supported his mother, Eleanor R. Ball with years of Personal Support and Sacrifice while the legacy of her investments supported the things needed to keep her well. These "facts" are in contradictable by the Defendants exploitation of their client, beginning the day of their appointment August 30, 2004.

## THE DEFENDANTS

4.   Defendants, MORGAN STANLEY TRUST COMPANY dba Morgan Stanley & Company, Inc. accepted and approved by written nomination in the event of mental incompetence or death, which ever came first, SUCESSOR TRUSTEES OF THE ELEANOR R. BALL IRREVOCABLE LIVING TRUST 05/10/01. Article Seventh.

5.   Defendants, SOUTHWEST FIDUCIARY, INC.(SFI), its owners, agents and assigns: GREGORY P. DOVICO, PEGGY ANN DOVICO, ANNA J. DOVICO, DIANE LEVINE, BRUCE M. TRIPP AND FIDELITY & DEPOSIT CORPORATION, SURETY. These parties were appointed by the Arizona State Court to become both the guardian and conservator for Mrs. Ball but also by default by defendant Morgan Stanley, were allowed to become the unlawful trustees of her liquidity and property in Arizona and Illinois.

5.   Defendant. ARTHUR PAUL BLUNT was counsel for both 'SFI', CAROL L. BALL & CHRISTOPHER KOKISH which upon discovery by THE BALL TRUST ACCOUNTING was shown to have entered into a hostile relationship to defeat the estate

and trust of their client and plaintiff's mother to damage the Plaintiff by a "Conflict of Legal Interests" and lack of "due process" sustained by the Arizona State Courts.

6. Defendant, CAROL STEVENS-GOBILLARD assisted Blunt & Associates and defendant Blunt with the plot to exploit Mrs. Ball and her son, Dennis Andrew Ball. As a consequence of their actions, the plaintiff has been damaged.

7. Defendants, THE ESTATE OF JONATHAN P. SCHUBERT; FIRST MERCURY INSURANCE are liable for the unlawful actions before a "Jury of Peers" for their deceased client, JONATHAN P. SCHUBERT by which suit has yet to be accepted!!

8. Defendants, JABURG & WILK & ATTORNEY KEVIN RATTAY assisted with the other defendants to cause damage to both their client's trust and estate and as a consequence, the plaintiff has been damaged.

Defendants, ENCORE SENIOR LIVING, LLC AKA ENCORE SENIOR VILLAGE OF PEORIA *et al*, ARIZONA & CITY OF PEORIA & POLICE DEPARTMENT *et al*, by "Fraud and Deception" at trial with "Malice" by all the defendants caused the "emotional and physical separation" of their client with her natural son who for over (10) years of 'sacrifice' and 'service' was treated with "contempt" and "disrespect" by the defendants. "Alienation of Affection" cannot go unaccounted by which the plaintiff has been damaged. The 'factual allegations' in paragraphs 1 through 9 of this amended complaint are incorporated by reference and re-alleged as though fully set forth herein.

## IV. THE PLAINTIFF & TRUSTEE CHARGE THE FOLLOWING COUNTS BY AND AGAINST THE DEFENDANTS BY FRCP 8-10.

### I.
### COUNT ONE
*(Conspiracy 18 U.S.C. 371)*

10. **Whereas,** the Plaintiff believes that on June 8, 2004 at the Law Offices of Blunt & Associates, Scottsdale, Arizona, defendants entered into a plan before, during and after their meeting to create a plot to cause permanent injury to the trust and estate of a vulnerable adult and the plaintiff, Dennis Andrew Ball. This is based on testimony secured by a deposition of their client's Successor Trustee Morgan Stanley DW Trust Company and that of their agent Mary Lou Roof and her counsel Marcio Bugalman.

11. **Deceased** lawyer, Jonathan P. Schubert was also present at the deposition without the Plaintiff or his Counsel, Nancy D. Petersen, noticed or present. As a consequence of that meeting and others after trial on August 30, 2004, the defendants damaged the estate and trust of their client and the plaintiff. Because of the Conspiracy, the plaintiff has been damaged.

## PURPOSE OF THE CONSPIRACY

12. The purpose of the conspiracy was to liquidate the "entire estate and trust for the benefit of the defendants and damage the plaintiff." The "Audit" shows a tremendously disproportionate amount of money and property of their client was wasted by 'malice' AGAINST the plaintiff by their 'FRAUD' and "White-Collar-Crime" against their client. Theirs is a provable pattern of tortuous conduct plaintiff has been damaged.

## MANNER & MEANS OF THE CONSPIRACY & OVERT ACTS

13. The manner and means employed by the defendants and others to effect the objects of the conspiracy and to damage their client and the plaintiff, were as follows:

    a. Funds were wasted by the defendants on themselves by gaining control of their client's assets through the guardianship/conservator Southwest Fiduciary, Inc. without any protection by the Successor Trustee, Morgan Stanley Trust Company for the

benefit of their client, Eleanor R. Ball and the plaintiff. A total of $357,757.23 was lost initially by audit for the "Trust" with additional losses due to property both in Illinois and Arizona it owned and was squandered in particular by defendants, Southwest Fiduciary, Inc, its President, Gregory P. Dovico; other listed defendants and associates accounted for over 60% by which the audit also showed that a total of Seventy-six percent (76%) was not used for their client's care in 22 (twenty-two) months from the time of their appointment on August 30, 2004.

    b. The "fraudulent conveyance giveaway of Trust property for nothing" to 3rd party Banks, the failure to collect monies owed the estate and trust from other banks; the failure of the defendants SFI and Morgan Stanley Trust to collect rents, pay mortgages, taxes, insurance and allow for the complete and total deterioration of their client's rental property in spite of having in place with a successor trustee of an Irrevocable Living Trust to support their client, Eleanor R. Ball with Arizona Long Term Care (altcs) with the States own Miller's trust for income only, is totally and completely unacceptable to preserve and protect her total liquidity and property during the time of their appointment. Guardianship "termination does not affect the guardian's liability for prior acts nor its obligations to account for funds and assets of the Ward". In violation of Title 18, United States Code, Sections 371 and 2, the defendants have damaged the plaintiff and handed him a bill to cure the damages they have caused their client's trust and estate and the damage inflicted on the plaintiff as her benefactor.

14.   The 'factual allegations' in paragraphs 1 through 13 of this amended complaint are incorporated by reference and re-alleged as though fully set forth herein as quite accurate.

## II.

## COUNT TWO

### (Fraud; Embezzlement; Collusion; Conversion & Diversion of Funds)

15. **Whereas,** the discovery by The Ball Audit on January 27, 2007 shows HOW the defendants embezzled from the estate and trust of their client, Eleanor R. Ball. The audit shows how they used their position within the State Court as a shield to exploit their client's estate and trust with the full cooperation of all their staffs and owners to destroy the life investments of their client and her husband, Andrew Ball Jr.

### PURPOSE OF THESE FELONIOUS & TORTUOUS ACTS

16. The purpose of the "fraud & embezzlement" of their client, a vulnerable adult, was to cause permanent injury to the "Assets" of her trust and estate so that her rightful heir, the plaintiff, Dennis Andrew Ball, would be denied his rightful inheritance from his parents trust and estate due to the daughter's disinheritance by the plaintiffs mother, Eleanor R. Ball.

### MANNER & MEANS BY WHICH TO ACCOMPLISH THEIR GOALS

17. The manner and means employed by the defendants and others to effect objects of the fraud & embezzlement, were as follows:

a. Funds were stolen and embezzled from the estate & trust in at least two ways. First, defendants collaborated amongst themselves to use the "Court's Orders" to cause their client personal financial injury by 'depleting out' the liquidity that had been placed and preserved for her for several years. Defendants knowingly and with "malice" set out to completely destroy by spending on themselves by conflicts real or created using the Maricopa County Superior Court as a legal shield to protect themselves from any and

9

all accountability and prosecution by the Arizona Appellate and Supreme Courts.

    b. The Unlawful transfer and conveyance of "Assets" preserved and protected for years by the Plaintiff but wasted once secured by legal means. Both her liquidity and property were "wasted" by the defendants, in particular, the Guardian Southwest Fiduciary who rewarded the defendants with Asset liquidity derived from Large sums of money transferred to them while abandoning and 'giving away free and clear property for nothing!!

### OVERT ACTS

18.   In furtherance of the aforesaid actions, and to effect the objects of their conduct, defendants and others, known and unknown to the plaintiff, did perform, and caused to be performed, the following overt acts, among others:

    a. On September 19, 2004, defendants arranged for the transfer of money from an Illinois Bank belonging to three owners of which the Arizona Court Ordered <u>all parties</u> to Consent to the transfer upon which the plaintiff and his lawyer were excluded; thereby subsequently without prior Court approval in the Arizona State Court, in spite of a $100,000.00 restricted account, the entire amount was spent without plaintiff's approval.

    b. Exhibit "A", STATEMENT OF UNRESOLVED ISSUES—PB2004-001053 Lists the substance of the acts, omissions, defaults and specific incidents that placed the Eleanor R. Ball Irrevocable Trust into United States Bankruptcy Court October 7, 2005, the same day the plaintiff was fighting in Arizona State Court to have contact with his own blood mother he had cared for over (10) years prior to the death of his father, Andrew Ball Jr. of which none have been given an evidentiary hearing or "due process", based on The Ball Audit derived from the bankruptcy proceedings October 7, 2005

## III.

## **COUNT THREE**

**(Racketeer Influenced & Corrupt Organizations)**

**(White Collar Crime)**

19. The factual allegations in paragraphs 1 through 18 of this complaint are incorporated by reference and re-alleged as though fully set forth herein. Plaintiff believes that defendants have participated in defrauding other unsuspecting clients by the same tactics listed in several complaints filed with the Arizona Department of Certification and Licensing by the Administrative Office of the Courts by and through the Arizona Supreme Court whom has allowed the defendants to prosper at the expense of their clients vulnerability. The plaintiff believes based upon The Ball Trust Audit and subpoena documents that show defendants engage in unlawful activities designed to profit and cause further injury to families of dysfunction and abusive behavior by sibling rivalry, competition, arrogance or feuding. This sets the stage for them to exploit their appointed clients without any accountability by the Arizona State Courts regarding the vulnerable adults assets or liquidity; in other words, the Perfect Scam. Demand is made for Relief by the defendants exercising 'undue influence' in a position of trust and authority by plundering, pilfering and profiting at the expense of their client and plaintiff who preserved, protected and prosecuted parties who's goal was to unlawfully profit by assuming a position of ownership of their clients assets and estate. Plaintiff requests relief by "Grand Jury" be convened to investigate these claims and allegations and make recommendations to the United States Attorney's Office For The District of Arizona.

IV.

## COUNT FOUR

### (Legal Negligence Against A Vulnerable Adult)

20. The factual allegations in paragraphs 1 through 19 of this Amended Complaint are incorporated by reference and re-alleged as though fully set forth herein.

21. Beginning no later than on or about June 8, 2004, and continuing through and until the death of their client and plaintiff's mother on April 28, 2006 the defendants in particular ARTHUR PAUL BLUNT, one of his staff and defendant CAROL STEVENS-GOBILLARD both entered into a legal relationship with deceased attorney, JONATHAN P. SCHUBERT to cause financial ruin to plaintiff's mother, Eleanor R. Ball with the expressed intent to punish the plaintiff for protecting her from her disinherited daughter, CAROL L. BALL & CHRISTOPHER KOKISH. These unlawful parties induced both the Guardian SOUTHWEST FIDUCIARY, INC. *et al* to abandon their fiduciary duty to their client and engage in a course of tortuous conduct to injure the plaintiff and cause their clients trust and estate to be irreparably damaged by their actions through out the period of time that their appointment began June 2004 and ended June 2007. In spite of repeated attempts by the plaintiff to request Court Action by the Arizona State Court Commissioners and Judges, the plaintiff was overruled and denied on every count including the current matters brought to this honorable court for lack of "due process". Plaintiff has been damaged by the defendants MORGAN STANLEY & Co, Inc. for their failure to protect their client Eleanor R. Ball by the deliberate and methodic plotting to permanently injure the plaintiff by "Mail & Wire Fraud". The plaintiff, therefore, seeks relief by a "Jury" Of Peers for damages inflicted upon his mother's estate and trust.

## V.

## COUNT FIVE

### (Contributory Negligence Against A Vulnerable Adult)

22. **Whereas,** the factual allegations in paragraphs 1 through 21 of this Amended Complaint are incorporated and re-alleged as though fully set forth herein.

23. **Upon which** the defendants, ENCORE SENIOR LIVING LLC AKA ENCORE SENIOR VILLAGE OF PEORIA, ARIZONA *et al.*, AND, CITY OF PEORIA, ARIZONA AND CITY OF PEORIA POLICE DEPARTMENT *et al*, did in fact contribute to the **alienation of affection** of plaintiff's mother prior to her death eight months from the date of trial on October 7, 2005 until her death on April 28, 2006. Plaintiff has been damaged by the defendants and seeks relief by "Jury"and judgment by this honorable court.

## XX.

## DEMAND FOR RELIEF

24. **Whereas the** unlawful conduct of the Defendants should not be condoned by civilized society. In fact, the course of conduct that was embarked upon by the Defendants was taken with the full knowledge that their conduct would certainly cause damage to certain parties including the plaintiff's mother, her assets and her legal benefactor **out of anger and greed towards the plaintiff.** Notwithstanding this information and knowledge and the awareness this conduct would cause injury, the Defendants never the less **took such action.**

25. As a direct result, the defendants conduct caused significant financial damage to the plaintiff. Specifically, the plaintiff's mothers "Estate" & "Trust " at one time had a value in excess of $800,000.00. All of the assets were wasted and cost the Plaintiff thousands of dollars in damages both personal and property of which he is still in process of recovery.

26. Defendants conspired with others in order to create unnecessary attorney fees, "unjustly enrich" themselves by defendants ENCORE SENIOR LIVING LLC; ENCORE SENIOR VILLAGE PEORIA, ARZONA; *et al*, SOUTHWEST FIDUCIARY, INC. *et al*.

27. Since 2001, the estate owned the following:

   1) Real Estate In Illinois;

   2). Morgan Stanley Active Assets Trust Account;

   3). Real Property In Surprise, Arizona;

   4). Certificate of Deposit Account in Marion, Illinois

28. Despite objections by the Plaintiff, the "Assets" of the estate and trust were depleted or otherwise traded away for a value that was less than the market for purposes of self interests of the Defendants. And, as a desperate attempt to save what "assets" had been plundered, the plaintiff intervened by the bankruptcy court in a desperate attempt to save what was still salvageable resulting in several thousand of dollars in pecuniary damages to himself personally. Attached is Exhibit "A" in excess of $357,757.23.

29. Such conduct should not be condoned and punitive damages rest against the Defendants especially for the "alienation of affection" from plaintiff's own mother For (8) months prior to her untimely death on April 28, 2006.

**WHEREFORE,** it is respectfully requested that this Court enter the following Order:

1. Granting judgment in favor of the Plaintiff for his general damages;

2. Granting judgment in favor of the Plaintiff for his special damages;

3. Granting judgment in favor of the Plaintiff for punitive damages against the defendants;

And that the Court may award such other and further relief including Plaintiff's attorney fees as it deems appropriate given the facts including Title 46 under the Arizona Elder Abuse Statues Treble Damages for Elder Abuse of a vulnerable adult and her estate and trust.

SUBMITTED this 4th day of May, 2009 by:

_____
Dennis Andrew Ball, Plaintiff, Benefactor & Trustee

15