**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Dennis Andrew Ball, personally and as Beneficiary of the Eleanor R. Ball IrreLvg Trust 05/10/01. | No. CV-08-0746-PHX-GMS<br>No. CV-09-0065-PHX-GMS<br>No. CV-09-0066-PHX-GMS<br>No. CV-09-0085-PHX-GMS<br>No. CV-09-0086-PHX-GMS<br>No. CV-09-0122-PHX-GMS<br>No. CV-09-0123-PHX-GMS<br>**(Consolidated)**<br><br>**ORDER** |

In this case, Plaintiff Dennis Andrew Ball has sued various individuals, businesses, and government entities, apparently under the theory that they conspired together to defraud the trust of which he is a beneficiary. There are a variety of motions outstanding in the case, all involving to one degree or another the deficiency of the Complaints Mr. Ball has filed. This Order rules on the motions and attempts to explain to Mr. Ball what precisely would be required to render his case fit to proceed.

**BACKGROUND**

Mr. Ball has initiated seven lawsuits in this District against a variety of different parties. (*See* Dkt. # 32.) Specifically, Mr. Ball has sued: the estate of Jonathan P. Schubert; First Mercury Insurance; the State of Arizona; the City of Peoria; the Peoria Police Department; Morgan Stanley Trust Company; Jaburg & Wilk, P.C.; Kevin Rattay; Carol Stevens-Gobillard; Arthur Paul Blunt; Southwest Fiduciary, Inc.; Gregory P. Dovico; Peggy

Ann Dovico; Diane Levine; Anna Dovico; Fidelity & Deposit Corporation; Encore Senior Village; and Bruce M. Tripp.  (Dkt. # 47.)

In one of these cases, Defendants Southwest Fiduciary, Gregory P. Dovico, Peggy Ann Dovico, and Anna Dovico filed a Motion to Dismiss.  (CV-09-00122 Dkt. # 27.) Defendants Gregory P. Dovico, Peggy Ann Dovico, and Anna Dovico moved for dismissal in their individual capacities only.  (*See id.* at 1.)  Defendant Fidelity & Deposit Corporation ("Fidelity") later joined in the motion to dismiss.  (CV-09-00122 Dkt. # 40.)

On March 27, 2009, before the motion to dismiss was ruled on, this Court consolidated the seven cases.[1]  (Dkt. # 32.)  In the consolidation Order, the Court directed Mr. Ball to file a Second Amended Complaint[2] incorporating his various claims.  The Court also pointed out that the Complaints filed by Mr. Ball in the seven cases were "vague, amorphous, and voluminous, and they do not state clearly either the legal nature of Plaintiff's claims against each specific defendant or the factual conduct upon which each claim is ostensibly predicated."  (*Id.* at 2.)  The Court went on to explain how the Complaints are deficient under the pleading standards of Federal Rules of Civil Procedure 8, 9, and 10, and the Court specifically noted that Mr. Ball must plead certain claims with particularity.  The Court also explained to Mr. Ball that if he failed to comply with the relevant pleading rules in filing his Second Amended Complaint, the Court could dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258,

---

[1]The Court has declined to consolidate two other cases Mr. Ball has filed in this District (the first is a case against Mr. Ball's sister and her husband, and the second is a case against the City and Police Department of Peoria, which are also parties to this action).  (*See* Dkt. # 42.)

Also, the Court consolidated the cases under the name "In re Dennis Andrew Ball, personally and as *Benefactor* of the Eleanor R. Ball IrreLvg Trust 05/10/01."  (Dkt. # 32 at 3.)  The proper title should be "In re Dennis Andrew Ball, personally and as *Beneficiary* of the Eleanor R. Ball IrreLvg Trust 05/10/01."  The parties are directed to utilize the amended caption on all future filings.

[2]Mr. Ball amended his Complaint once in the lead case before consolidation.  (Dkt. # 23.)

- 2 -

1260 (9th Cir. 1992) (holding that a district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with the court's order directing proper pleading under the Federal Rules of Civil Procedure).

The Court also conducted a hearing with Mr. Ball on April 15, 2009, in order to facilitate resolution of the case. Specifically, the Court explained, as had been noted in several previous orders (Dkt. ## 7, 17), that Mr. Ball cannot represent the trust before this Court because he is not an attorney admitted to practice within this District. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987). Mr. Ball represented to the Court at the April 15 hearing that he did not intend to bring any claim on behalf of the trust.

As a result of the April 15 hearing, the Court extended the time limit for Mr. Ball to file a Second Amended Complaint consolidating his various claims. (Dkt. # 42.) The Court reiterated that Mr. Ball's Second Amended Complaint must conform to the requirements of the federal and local rules. The Court further pointed out that Mr. Ball must be represented by an attorney if he intends to bring claims on behalf of the trust. The Court also extended the time for Mr. Ball to respond to the pending motion to dismiss through May 4, 2009. On May 4, Mr. Ball filed a response to the motion to dismiss (Dkt. # 49, 50), a Motion to Deny Fidelity's Joinder in the Motion to Dismiss (Dkt. # 48), and a Second Amended Complaint (Dkt. # 47).

**DISCUSSION**

The Court will first discuss Mr. Ball's motion to deny Fidelity's joinder in the motion to dismiss and will then evaluate the motion to dismiss itself. The Court will conclude by explaining to Mr. Ball the nature of the deficiencies in his pleadings and will grant him leave to replead with specific instructions on how to do so.

**I.     The Motion to Deny Joinder**

Mr. Ball argues that counsel for Fidelity has failed to file a notice of appearance in this matter, and thus its joinder in the motion to dismiss is improper. (Dkt. # 48.) Mr. Ball is correct. Although Fidelity has filed a notice of filing waiver of service of summons (CV-09-00122 Dkt. # 31), its counsel has never filed a notice of appearance either in this case or

- 3 -

1  in the original case that has been consolidated into this action.  Thus, the joinder was not
2  properly filed.  LRCiv 83.3 ("[N]o attorney shall appear in any action *or file anything* in any
3  action without first appearing as counsel of record.") (emphasis added).  Fidelity therefore
4  will not be permitted to join in the instant motion to dismiss.

**II.     The Motion to Dismiss**[3]

Defendants make four arguments in their motion to dismiss: (1) that there is no diversity jurisdiction; (2) that Mr. Ball's Complaint is too incomprehensible to state a claim; (3) that Mr. Ball's Complaint is barred by res judicata; and (4) that federal courts cannot exercise subject matter jurisdiction over guardianship and conservatorship actions.[4]

Defendants assert that diversity jurisdiction is not present in this case for two reasons. Defendants first argue that Mr. Ball "waived his diversity argument by voluntarily submitting to the jurisdiction of the Superior Court of Arizona . . . by noticing his appearance in such Court." (CV-09-00122 Dkt. # 27 at 7.)  Defendants cite no authority for the proposition that a party "waives" the right to assert diversity jurisdiction simply by appearing in a court proceeding, nor will the Court find such waiver on its own.  *See Doty Props., LLC v. APC Partners II, LLC*, No. 3:06CV62-P-A, 2006 WL 1580000, at *2 (N.D. Miss. June 2, 2006) (rejecting the argument that a party waived the right to diversity jurisdiction in federal court simply by filing a suit in state court).  Defendants also argue that there is an insufficient amount in controversy: "According to the final accounting submitted by the Conservator [Southwest Fiduciary] and approved by the Probate Court on June 27, 2007, there were no

---

[3] Mr. Ball appears to request a jury trial on the motion to dismiss pursuant to Federal Rule of Civil Procedure 38.  (Dkt. # 49 at 1.)  Mr. Ball is not entitled to a jury trial on a motion to dismiss.  *Pouncy v. First Va. Mortgage Co.*, No. 94-2086, 1995 WL 140729, at *3 n.2 (4th Cir. 1995) (affirming a district court's denial of a jury trial on a motion to dismiss because "ruling on a Rule 12(b)(6) motion involves only questions of law, [and thus] there is no role for a factfinder at this stage of the litigation").

[4] Defendants make several new arguments in their reply brief.  (*See* CV-09-00122 Dkt. # 44.)  The Court will not consider these arguments.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

1 assets remaining in the Conservatorship upon determination of the issues related to the
2 Conservatorship administration, [and] thus there was no controversy involving $75,000.00
3 or more." (CV-09-00122 Dkt. # 27 at 8.) Mr. Ball's various Complaints, however, allege
4 that Defendants are responsible for the loss of over $800,000 in assets. Because the Court
5 does not yet have a basis on which to conclude that this amount was claimed in bad faith, Mr.
6 Ball's allegation of damages is sufficient to survive a motion to dismiss. *See St. Paul*
7 *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing
8 dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law
9 gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently
10 made in good faith."). Thus, the Court will not dismiss the case under this reasoning.

11 Defendants' third and fourth arguments fail for the same reason that their second
12 argument succeeds: the Court simply cannot tell what claims Mr. Ball is attempting to plead,
13 and which of Defendants are allegedly responsible, either from the original Complaint
14 against these Defendants or the Second Amended Complaint. The deficiencies of the Second
15 Amended Complaint are detailed *infra* at Part III.B, and the deficiencies of the original
16 Complaint (under which the instant motion to dismiss was filed) are even more glaring. (*See*
17 CV-09-00122 Dkt. # 1.) The original Complaint contains no discernable legal theories
18 beyond the general assertion that Defendants' conduct somehow damaged Mr. Ball by loss
19 of trust assets, and it contains an amalgamation of disjointed factual assertions from which
20 none of Defendants could be expected to be put on notice of the nature of Mr. Ball's claims.
21 Defendants are thus correct in arguing that the Complaint is insufficiently definite to state
22 a claim for relief. Because the pleading of Mr. Ball's claims is so amorphous, however, the
23 Court is unable to agree with Defendants that the claims Mr. Ball is attempting to assert are
24 barred either by the doctrine of res judicata or as state guardianship/conservatorship
25 proceedings – the Court simply cannot say what Mr. Ball's claims are. The proper course
26 of action in these circumstances is to give Mr. Ball the opportunity to replead his claims. *See*
27 *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (explaining that "a district court should
28 grant leave to amend even if no request to amend the pleading was made, unless it determines

- 5 -

1 that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Mr. Ball has had just such an opportunity in filing his Second Amended Complaint.  As discussed below, his pleading nevertheless remains deficient.

**III.    The Second Amended Complaint**

As explained above, Mr. Ball's original Complaint – indeed, all seven original Complaints – fail to state a claim upon which relief can be granted.  In order for Mr. Ball to better understand what he must do to render his case fit to proceed, the Court will first detail several relevant provisions of the Federal Rules of Civil Procedure and then explain why Mr. Ball's Second Amended Complaint fails to satisfy them.

**A.    The Federal Rules of Civil Procedure**

Rules 8, 9, 10, and 12(b)(6) are of the greatest importance here, and each will be discussed in turn.

**1.    Rule 8**

Rule 8 governs the general rules of pleading.  Rule 8(a)(1) requires that a plaintiff provide "a short and plain statement of the grounds for the court's jurisdiction."  Likewise, Rule 8(a)(2) requires a plaintiff to set forth a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Additionally, under Rule 8(d), "each allegation must be simple, concise and direct."

**2.    Rule 9**

Rule 9 governs the pleading of special matters, several of which are at issue in this case. Rule 9(b) is of particular importance. If a complaint includes allegations of fraud, Rule 9(b) requires the "party [to] state with particularity the circumstances constituting fraud." This requires that the party alleging fraud include an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and ellipsis omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted).

Additionally, "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986)). This means that the same pleading requirements for fraud (time, place, specific content, and identity of parties) apply to the pleading of civil RICO claims as well. *Edwards*, 356 F.3d at 1066. Furthermore, in alleging a civil conspiracy, "a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent." *Wasco Prods., Inc. v. Sw. Tech., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006); *see also id.* (citing with approval the Tenth Circuit's holding that "allegations of specific facts showing an agreement and concerted action" were required to allege a civil conspiracy claim) (quoting *Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004)).

### 3. Rule 10

Rule 10 governs the form of pleadings. Rule 10(b) is most applicable here; it provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) further provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The import of these rules is that a plaintiff should present each claim in a distinct, self-contained count, and that each paragraph within that count should be

1  composed of only one set of related factual allegations.  To the extent a plaintiff desires to
2  restate factual allegations made earlier, Rule 10(c) permits him to do so by reference.

### 4. Rule 12(b)(6)

Rule 12(b)(6) is the standard of pleading required to withstand a motion to dismiss for failure to state a claim, and it governs the factual allegations a plaintiff must provide.  To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  Likewise, the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005), and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Mr. Ball's Second Amended Complaint

Mr. Ball's Second Amended Complaint fails to meet the requirements of these rules, fails to state cognizable claims, and fails to comply with the Court's previous Orders.

#### 1. Trust Claims

In the Second Amended Complaint, Mr. Ball continues to purport to bring claims on behalf of the trust. (*See, e.g.*, Dkt. # 47 at 1 (asserting his claims as both "Dennis Andrew Ball & Trustee for the Eleanor R. Ball Irrevocable Living Trust").)  Moreover, Mr. Ball continues to assert in various filings that he is acting as "the office of the trustee." (*See, e.g.*,

1  Dkt. # 51.)  The Court has discussed this issue with Mr. Ball, both by written Order (Dkt. ##
2  7, 17) and in person at the April 15 hearing, at which time Mr. Ball expressly represented to
3  the Court that he does not intend to assert claims on behalf of the trust.  Any complaint Mr.
4  Ball files therefore *should not* assert any claims on behalf of the trust.  If Mr. Ball wishes to
5  assert such claims, he *must* retain an attorney to represent the trust before the Court.

### 2. Review of State Court Proceedings

Mr. Ball's Second Amended Complaint provides that "Plaintiff is of the opinion that Justice delayed is Justice denied in any Court and in this case has been denied in the State Court *on all Counts of the filed Complaint*."  (Dkt. # 47 at 3 (emphasis added).)  This is but one of Mr. Ball's statements that the claims he advances in the Second Amended Complaint have already been denied in the state courts.  Although the precise nature of the state court proceedings to which Mr. Ball refers is not clear from his pleadings, Mr. Ball should be aware that this Court lacks jurisdiction to review state court proceedings.  *See Noel v. Hall*, 341 F.3d 1148, 1162-63 (9th Cir. 2003).  Likewise, this Court cannot relitigate issues or claims already decided by a state court.  *See, e.g.*, *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).  If that is what Mr. Ball is seeking, the state appellate courts are the only appropriate forum for pursuing his claims.  Any complaint Mr. Ball files *must not* raise issues already decided by the state courts.

### 3. Count One

The gravamen of Mr. Ball's case has always appeared to be a claim of conspiracy between various individuals, businesses, and government entities to harm the trust, and by extension, to harm him.  (*See* Dkt. # 47 at 1 ("[Mr. Ball] affirms, deposes and believes that the defendants together conspired to defraud the plaintiff by looting the estate and trust [of] Eleanor R. Ball[.]").)  The Second Amended Complaint's conspiracy claim (count one), however, purports to be brought pursuant to 18 U.S.C. § 371.  (*Id.* at 6-8.)  That statute is a criminal law prohibiting conspiracy to commit an offense against the United States or to defraud the United States.  Mr. Ball does not represent the United States, nor does he anywhere allege that the United States has been harmed.  Moreover, Mr. Ball cannot state

a *civil* claim under this *criminal* statute. *D'Amato v. Rattoballi*, 83 F. App'x 359, 360 (2d Cir. 2003); *see also Rapoport v. Republic of Mexico*, 619 F. Supp. 1476, 1480 (D.D.C. 1985) ("[I]t is clear that no private right of action can exist under 18 U.S.C. § 371."). Therefore, the very essence of Mr. Ball's case, and of his Second Amended Complaint, is improper.

Moreover, count one does not meet the pleading standards of the Federal Rules of Civil Procedure. Mr. Ball states that "defendants" crafted "a plan" "before, during and after [a June 8, 2004] meeting to create a plot to cause permanent injury to the trust and estate of a vulnerable adult and the plaintiff, Dennis Andrew Ball." (Dkt. # 47 at 7.) He then states that Jonathan Schubert, a now-deceased attorney, was "present at [a] deposition without Plaintiff or his Counsel, Nancy D. Petersen, noticed or present" and that as a result "the defendants damaged the estate and trust of their client and the plaintiff." (*Id.*) Mr. Ball then states that "funds were wasted by the defendants on themselves" and that there was a "fraudulent conveyance giveaway of Trust property for nothing to [third] party Banks," apparently as the result of foreclosure on the properties in the trust. (*Id.* at 7-8.) Mr. Ball concludes that Defendants as a group took actions that were "totally and completely unacceptable to preserve and protect [his mother's] liquidity and property," and that "in violation of Title 18 United States Code, Sections 371 and 2,[5] the defendants have damaged the plaintiff and handed him a bill to cure the damages they have caused [to] their client's trust and estate and the damage inflicted on the plaintiff as her benefactor." (Dkt. # 47 at 8.)

These allegations are vague, circuitous, and make passing references to unexplained facts that, although apparently essential to the nature of the claim, are nevertheless left ambiguous. As explained above, under Rule 9, civil conspiracy claims (and fraud claims, which Mr. Ball also seems to be alleging) must be pled with particularity, and a plaintiff cannot simply lump together "the defendants" in asserting his claim. Mr. Ball's allegations

---

[5]18 U.S.C. § 372 prohibits conspiracy to impede or injure an officer of the United States. As above, Mr. Ball does not purport to bring any claim for injury to an officer of the United States, and in any event Mr. Ball cannot bring a *civil* action under this *criminal* statute.

- 10 -

that actions were "unacceptable," or that they violated criminal statutes, likewise do not state legal claims. Additionally, the allegation that unspecified Defendants planned "before, during, and after" a meeting is not pleading with particularity. The Court also notes that in this count Mr. Ball again purports to bring a claim on behalf of the trust (indeed, that seems to be the essence of Mr. Ball's claim). As discussed, this is improper because Mr. Ball is unrepresented. In sum, it is unclear what the precise injury to Mr. Ball was, which of Defendants caused that injury, and how Mr. Ball can state a claim for relief. Count one therefore does not raise the right to relief above the speculative level or give Defendants fair notice of what Mr. Ball's claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

### 4.   Count Two

Count two purports to bring claims for "fraud, embezzlement, collusion, conversion, & diversion of funds," ostensibly under state law. (Dkt. # 47 at 9.) Mr. Ball suggests that an audit of the trust took place, from which he concludes that "the defendants" fraudulently took funds from the trust. (*See id.*) Mr. Ball alleges that they did so by "collaborating amongst themselves" in some unspecified way to "use[] the Maricopa County Superior Court as a legal shield to protect themselves from any and all accountability and prosecution by the Arizona Appellate and Supreme Courts." (*Id.* at 9-10.) The only specific fact in this section is the statement that, on September 19, 2004, "defendants" transferred money from a bank without his approval. (*Id.* at 10.) Mr. Ball then goes on to state that he has not "been given an evidentiary hearing or 'due process,'" although the import of these statements is unclear.

Like count one, count two fails to state a claim under the Federal Rules of Civil Procedure. It is impossible to determine which of Defendants are supposed to have committed the various torts listed in the count's title or in what way they are supposed to have done so. Mr. Ball's reference to using the state courts as a "legal shield" is confusing in the absence of any context, and it further raises the probability that Mr. Ball is attempting to collaterally attack a state court judgment (as do the references to evidentiary hearings and

- 11 -

due process).[6] Again, the allegations of fraud must be pled with particularity under Rule 9(b), including a pleading of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d at 1066. Count two contains none of these, other than a reference to a bank transfer arranged by "defendants" without sufficient context from which any Defendant could be put on notice of the nature of the claim and against which of Defendants it is asserted. In short, Mr. Ball has not pled factual allegations sufficient to raise the right to relief above the speculative level or to give Defendants fair notice of this claim. *See Twombly*, 550 U.S. at 555.

### 5. Count Three

Count three purports to bring a RICO (Racketeer Influenced and Corrupt Organizations) claim, presumably under federal law, 8 U.S.C. § 1964(c), although Mr. Ball does not so specify. Mr. Ball's single paragraph on this issue asserts that "defendants have participated in defrauding other unsuspecting clients" by "engag[ing] in unlawful activities designed to profit and cause further injury to families of dysfunction and abusive behavior by sibling rivalry, competition, arrogance or feuding." (Dkt. # 47 at 11.)

Like the other counts, count three is improperly pled. RICO claims must be pled with particularity. Mr. Ball's allegation that "defendants" have violated the RICO Act is insufficient to state a claim. *See Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1546 (D. Colo. 1990) ("[I]n a complaint alleging a civil RICO violation, the plaintiff must identify specifically each person who is alleged to be liable under RICO. *Merely collectivizing defendants in an alleged pattern of racketeering activity will not suffice.*") (emphasis added). On the substance of the RICO claim, Mr. Ball has provided nothing more than a vague and conclusory allegation that Defendants have committed fraud somehow relating to family disharmony. This is not sufficient to state a RICO claim. Indeed, this count is so amorphous

---

[6]Mr. Ball may also be attempting to refer to bankruptcy proceedings that he alleges earlier in the Second Amended Complaint. (*See* Dkt. # 47 at 4.) From the case number provided by Mr. Ball, it appears that the case was summarily dismissed for failure to pay required fees. (*See* No. 2:05-BK-21529-GBN Dkt. # 120.)

- 12 -

1  and lacking in factual context that, under *Twombly*, it fails to state any claim. Furthermore,
2  the relief Mr. Ball requests is for this Court to order criminal proceedings against Defendants.
3  (Dkt. # 47 at 11 ("Plaintiff requests relief by 'Grand Jury' be convened to investigate these
4  claims and allegations and make recommendations to the United States Attorney's Office For
5  The District of Arizona.").) This is a civil case; the Court has no authority to provide such
6  remedies.

### 6. Count Four

8  Court four, titled "Legal Negligence Against [a] Vulnerable Adult" (Dkt. # 47 at 12),
9  is also deficient. This count states that Defendants "induced both the Guardian Southwest
10 Fiduciary, Inc. *et al* to abandon their fiduciary duty to their client and engage in a course of
11 tortuous [sic] conduct to injure the plaintiff and cause their clients [sic] trust and estate to be
12 irreparably damaged by their actions." (*Id.*) It then goes on to state that Mr. Ball "has been
13 damaged by the defendants Morgan Stanley & Co., Inc. [sic] for their [sic] failure to protect
14 their client Eleanor R. Ball by the deliberate and methodic plotting to permanently injure the
15 plaintiff by 'Mail & Wire Fraud.'" (*Id.*)

16 The Court presumes from the title's reference to a "Vulnerable Adult" that Mr. Ball
17 is attempting to invoke the Arizona Adult Protective Services Act ("APSA"), *see* Ariz. Rev.
18 Stat. § 46-451 *et seq.*, specifically the "Duty to an Incapacitated or Vulnerable Adult"
19 section, *see id.* § 46-456. However, such claims must be brought "by or on behalf of an
20 incapacitated or vulnerable adult." *Id.* § 46-456(C). Mr. Ball, however, does not attempt to
21 assert claims on behalf of his mother or her estate. Rather, the substance of this claim seems
22 merely to recapitulate Mr. Ball's belief that he has been injured in some way by someone –
23 although which of Defendants is unclear. Mr. Ball alleges that "the defendants" are
24 responsible; then he singles out Defendants Blunt, Stevens-Gobillard, and Schubert "in
25 particular"; he next states that Southwest Fiduciary "*et al.*" were "induced . . . to abandon
26 their fiduciary duty"; and finally he states that he was somehow damaged by "defendants
27 Morgan Stanley & Co" (presumably a reference to Defendant Morgan Stanley Trust
28 Company). (Dkt. # 47 at 12.) It is impossible to determine from the allegations in this

section which specific parties are the subject of the claim and the basis on which they could be responsible to Mr. Ball. Mr. Ball's invocation of mail and wire fraud is likewise inexplicable in this context. No Defendant could be expected to be put on notice of the nature of this claim from the way Mr. Ball has pled it. *See Twombly*, 550 U.S. at 555. Moreover, Mr. Ball states that he has made "repeated attempts . . . to request Court Action by the Arizona State Court Commissioners and Judges" but was "overruled and denied on every count[,] *including the current matters brought to this honorable court*." (Dkt. # 47 at 12 (emphasis added).) As explained, Mr. Ball may not pursue his claim in this Court if that is the case. Rather, he must pursue the issue through the state appellate courts.

### 7. **Count Five**

Count five, which is essentially only one sentence in length, is entitled "Contributory Negligence Against [a] Vulnerable Adult." (Dkt. # 47 at 13.) It is impossible to determine from Mr. Ball's single sentence on the subject precisely what legal right he is attempting to vindicate, whether it is on behalf of himself or his mother's estate, and which of Defendants are supposed to have violated that right. The count's title suggests an APSA claim, although Mr. Ball also states that Defendants "contribute[d] to the alienation of affection of [his] mother." (*Id.*) Whichever (if either) is the case, and if such claims are cognizable under Arizona law,[7] the Court is still unable to determine whether Mr. Ball is attempting to assert a claim on his own behalf or on behalf of his mother's estate. Further, Mr. Ball lists as involved "Encore Senior [Village]"; "Arizona *et al.*"; the "City of Peoria"; and "Arizona and City of Peoria Police Department *et al.*" (*Id.*) It is unclear to which parties, if any, the "*et*

---

[7]If Mr. Ball is attempting to assert a claim for alienation of affections, such a claim does not appear to be cognizable under Arizona law. *See McNelis v. Bruce*, 90 Ariz. 261, 265, 367 P.2d 625, 627 (1961) (relying on the Restatement of Torts and providing that "[t]he gist of an action for alienation of affections is founded upon facts which support an injured *spouse's* claim that there has been an unprivileged, intentional interference with the legally protected *marital rights* of the aggrieved spouse") (emphases added); Restatement (Second) of Torts §§ 699, 702A (1977) (providing that there is no cause of action for alienation of affections between parents and children).

*al.*" references are meant to refer. It is likewise unclear how any of Defendants are supposed to have committed any wrong, as there is absolutely no factual context provided by Mr. Ball. In sum, no Defendant can be expected to have been put on fair notice of the nature of Mr. Ball's claim from the pleading of this count. *See Twombly*, 550 U.S. at 555.

**IV.    Leave to Amend**

For the reasons explained above, Mr. Ball's Second Amended Complaint falls far short of the pleading requirements of the Federal Rules of Civil Procedure and fails to conform to the Court's Orders. The Court is not compelled to grant Mr. Ball leave to amend if an amendment would be futile. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Although it is unclear whether Mr. Ball can cure the deficiencies of the Second Amended Complaint, in deference to Mr. Ball's unrepresented status, and out of an abundance of caution, the Court will give Mr. Ball **ONE** more opportunity to file a proper complaint, if in fact he has claims that can be brought before this Court. If Mr. Ball fails to timely file a Third Amended Complaint that complies with the dictates of this Order, the Court **WILL** dismiss this case with prejudice.

In filing a Third Amended Complaint, Mr. Ball is specifically directed to take note that:

> (1) He cannot represent the trust or his mother's estate in this matter, as he is not an attorney licensed to appear in this District. Mr. Ball has represented to the Court that he does not intend to bring any claims on behalf of the trust. Given that representation, Mr. Ball should not assert any claims on behalf of the trust in the Third Amended Complaint.
>
> (2) This is a civil case. Mr. Ball cannot bring claims pursuant to criminal statutes unless they authorize civil suits, nor should Mr. Ball bring claims requesting that this Court pursue criminal action against any of Defendants.
>
> (3) Mr. Ball must plead any fraud, civil conspiracy, and RICO claims with particularity. He must also plead sufficient facts on all of his claims to raise the possibility of relief above the speculative level. This requires a sufficient factual context from which each specific Defendant can reasonably be expected to be put on notice of the nature of Mr. Ball's claims against that Defendant. It also requires factual allegations that are comprehensible and do not presuppose Mr. Ball's own knowledge or beliefs.

- 15 -

(4) A complaint is simply a means of informing the Court and Defendants of what specific claims Mr. Ball is asserting and, to the extent necessary, the factual background for those claims. Mr. Ball should therefore not include any ad hominem asides attacking Defendants. Mr. Ball also need not employ exclamation points or quotation marks (other than to enclose an actual quotation) in pleading his claims.

(5) Each legal claim Mr. Ball brings should be asserted in its own separate count of the Third Amended Complaint. Each count should contain a citation to or explanation of the legal right on which the claim is based, and Mr. Ball *must not* seek relief under any statute or legal theory that does not authorize such relief. The Court directs Mr. Ball to carefully consider the legal assessments provided in this Order in crafting any further pleadings. Specifically, Mr. Ball *must not* assert any claims he has or could have brought in the state court proceedings.

Mr. Ball must also keep in mind that, like an attorney, he is subject to Federal Rule of Civil Procedure 11.[8] If Mr. Ball cannot, in good faith, advance any or all of the claims he

---

[8]The Court will withhold judgment on Defendants' request for sanctions under Rule 11 pending submission of Mr. Ball's Third Amended Complaint. So that Mr. Ball is aware of his obligations, the Court notes that Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on

- 16 -

1 asserted in the Second Amended Complaint (for instance, if the statute or legal theory on
2 which they are based provides no remedy or if they are claims that have already been
3 litigated in state court), then Mr. Ball *must not* assert them in the Third Amended Complaint.
4 If he does so, he may be subject to sanctions, including monetary sanctions, pursuant to Rule
5 11.

6 This Court is permitted to recommend that Mr. Ball retain an attorney. *See, e.g.*,
7 *Cunningham v. Ridge*, 258 F. App'x 221, 223 (10th Cir. 2007) ("The magistrate judge wisely
8 recommended Cunningham retain a lawyer to assist with the procedural requirements . . . .");
9 *Kim v. U.S. Dep't of Labor*, No. 1:06-CV-683, 2007 WL 844871, at *2 (W.D. Mich. Mar.
10 16, 2007) ("The court strongly recommends that plaintiff retain a competent attorney to
11 represent him in this matter."). Because it appears from the pleadings on file that Mr. Ball
12 may not fully appreciate the nature of his claims, the requirements of the procedural rules,
13 and how the two interact, the Court strongly recommends that Mr. Ball retain an attorney to
14 represent him in this matter.[9]

15 However, the Court also wishes to make it very clear to Mr. Ball that he has had
16 ample time to either retain an attorney or to craft a proper complaint on his own in this
17 matter. Thus, the Court is disinclined to grant Mr. Ball any additional extensions of time,
18 and will not do so absent a showing of good cause. If Mr. Ball wishes to file a Third
19 Amended Complaint or to retain an attorney to do so for him, he should act *promptly* on this
20 matter so that he does not miss the filing deadline.

---

belief or a lack of information.

Federal Rule of Civil Procedure 11(c) further provides that if a court concludes that a party has violated Rule 11(b), the court may impose sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated."

[9]A list of lawyer referral services and legal services organizations is available on the District's internet page, http://www.azd.uscourts.gov, under "Self-Help Tools" and "Filing on Your Own Behalf." This list may also be obtained by visiting or calling the Clerk's office, with which Mr. Ball is already familiar.

**CONCLUSION**

For the foregoing reasons:

**IT IS ORDERED** that the Motion to Dismiss of Defendants Southwest Fiduciary, Gregory P. Dovico, Peggy Ann Dovico, and Anna Dovico (CV-09-0122 Dkt. # 27) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Mr. Ball's Motion to Deny Joinder (Dkt. # 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Ball's Motion for Leave to Amend (Dkt. # 46) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all future case filings in this matter shall utilize this amended caption: *In re Dennis Andrew Ball, personally and as Beneficiary of the Eleanor R. Ball IrreLvg Trust 05/10/01*.

**IT IS FURTHER ORDERED** that Mr. Ball shall have until **June 22, 2009** in which to file a Third Amended Complaint that conforms to the Federal Rules of Civil Procedure, the District's Local Rules, and the dictates of the Court's Orders.

**IT IS FURTHER ORDER** that if Mr. Ball does not comply with this Order, the Clerk of the Court is directed to dismiss this action without further notice.

DATED this 21st day of May, 2009.

G. Murray Snow
United States District Judge