**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Dennis Andrew Ball, personally and as Beneficiary of the Eleanor R. Ball IrreLvg Trust 05/10/01. | No. CV-08-0746-PHX-GMS<br>No. CV-09-0065-PHX-GMS<br>No. CV-09-0066-PHX-GMS<br>No. CV-09-0085-PHX-GMS<br>No. CV-09-0086-PHX-GMS<br>No. CV-09-0122-PHX-GMS<br>No. CV-09-0123-PHX-GMS<br>**(Consolidated)**<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to Retain Counsel for Third Amended Complaint of Plaintiff Dennis Andrew Ball (Dkt. # 65), Defendants' Motion to Dismiss (Dkt. # 67), and Mr. Ball's Response and Motion to Strike (Dkt. # 69).

In this case, the Court has dismissed Mr. Ball's Complaint, Amended Complaint, and Second Amended Complaint, all for failing to properly state legal claims against Defendants. Mr. Ball was given several thirty-day periods in which to file amended complaints, and he has also received extensions of time. In its Order dismissing the Second Amended Complaint, the Court informed Mr. Ball that a Third Amended Complaint would be his last opportunity to properly plead claims against Defendants and that the Court would grant no more extensions absent a showing of good cause:

> the Court also wishes to make it very clear to Mr. Ball that he has had ample time to either retain an attorney or to craft a proper complaint on his own in this matter. Thus, the Court is

> disinclined to grant Mr. Ball any additional extensions of time, and will not do so absent a showing of good cause. If Mr. Ball wishes to file a Third Amended Complaint or to retain an attorney to do so for him, he should act *promptly* on this matter so that he does not miss the filing deadline.

(Dkt. # 54 at 17.) On the last day to file a Third Amended Complaint, Mr. Ball filed his motion (Dkt. # 65) requesting yet another thirty-day extension. Mr. Ball has made no attempt to articulate good cause for why he should receive thirty more days. The Court therefore denies the request for a further extension.

Mr. Ball goes on to state that "if the Court deems this request unreasonable, then the plaintiff requests the Court [to] Order the Clerk of the Court to process the Lodged Notice of Withdrawal." (Dkt. # 65 at 2.) The Court interprets this statement as notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Because neither an answer nor a motion for summary judgment has been filed, the notice is effective upon this Court's denial of Mr. Ball's motion for an extension of time. *Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1112 (9th Cir. 1999) ("Rule 41 does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal. . . . [I]f the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court.").[1]

---

[1] However, Mr. Ball will not be permitted even more opportunities to replead deficient complaints merely by voluntarily dismissing the case. Mr. Ball has already filed a complaint, a first amended complaint, and a second amended complaint, all of which have been adjudged deficient. The Court has gone to great lengths to explain to Mr. Ball the procedural rules and the deficiencies in his pleadings, and the Court has emphasized that Mr. Ball will have no more chances to advance these claims if he cannot do so properly. Therefore, if Mr. Ball again fails to file proper claims against these Defendants, any such claims will be subject to dismissal with prejudice.

To plead proper claims, Mr. Ball must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility

In light of the voluntary dismissal, Defendants' Motion to Dismiss (Dkt. # 67) is denied as moot insofar as it requests an alternative disposition of this case.[2] Defendants' motion, however, also requests that the Court impose sanctions and grant attorneys' fees against Mr. Ball. The Court will deny the sanction request, which was made pursuant to Federal Rule of Civil Procedure 11. Because the Court cannot determine the nature of Mr. Ball's claims, the Court is unable to conclude from the face of the complaints themselves that they were brought for an improper purpose, that the legal claims contained therein are frivolous, or that the factual contentions made in the complaints lack evidentiary support. *See* Fed. R. Civ. P. 11(b). While Mr. Ball's repeated reassertion of complaints that share the same deficiencies comes close to sanctionable conduct, *see Leuallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 617-18 (D.N.J. 2002), the Court gave Mr. Ball one final chance to properly plead his case, and Mr. Ball elected to withdraw his claims rather than attempt to do so. Thus, the Court will not conclude that Mr. Ball's conduct is sanctionable at this time.

As to Defendants' request for costs and attorneys' fees, the Court will award Defendants costs but not fees. Defendants are entitled to costs as the prevailing party, Fed. R. Civ. P. 54(d)(1), and will be awarded such costs upon compliance with Local Rule of Civil Procedure 54.1. However, Federal Rule of Civil Procedure 54(d)(2)(B)(ii) requires that any party moving for an award of attorneys' fees "specify . . . the statute, rule, or other grounds entitling the movant to the award." Defendants do not do so in their motion. (*See* Dkt. # 67 at 3.) Therefore, Defendants' request for attorneys' fees is denied.

For the foregoing reasons:

---

standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 555 ) (internal citations omitted).

[2]Mr. Ball moves to strike this motion, but offers no authority or reasoning for doing so. (Dkt. # 69.) The Court will therefore deny Mr. Ball's motion.

1     **IT IS HEREBY ORDERED** that Mr. Ball's Motion for Leave to Retain Counsel for Third Amended Complaint (Dkt. # 65) is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. # 67) is **GRANTED IN PART** and **DENIED IN PART**. Defendants are awarded costs upon their compliance with Local Rule of Civil Procedure 54.1.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Dkt. # 69) is **DENIED**.

    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to file Mr. Ball's Lodged Notice of Withdrawal (Dkt. # 66) and to **TERMINATE** this action.

DATED this 1st day of July, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge