1 **WO**

2 NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Dennis Andrew Ball, personally and as Beneficiary of the Eleanor R. Ball IrreLvg Trust 05/10/01. | No. CV-08-0746-PHX-GMS <br> No. CV-09-0065-PHX-GMS <br> No. CV-09-0066-PHX-GMS <br> No. CV-09-0085-PHX-GMS <br> No. CV-09-0086-PHX-GMS <br> No. CV-09-0122-PHX-GMS <br> No. CV-09-0123-PHX-GMS <br> **(Consolidated)** <br><br> **ORDER** |

At Mr. Ball's request, the Court has filed his Notice of Withdrawal (Dkt. # 72), thereby terminating this case. (Dkt. # 71.) In the Order doing so, the Court also denied Mr. Ball's Motion to Strike Defendant's Motion to Dismiss Complaint (Dkt. # 69) because the basis for the motion was unclear and Mr. Ball provided neither authority nor reasoning to support his request. (Dkt. # 71 at 3 n.2.) Mr. Ball now brings a Motion for Reconsideration, clarifying that his objection was to the fact that Defendants' Motion to Dismiss lacks an attorney signature. (Dkt. # 73.) Mr. Ball asks that the Court sanction Defendants for this defect by denying them the costs to which they are entitled under Federal Rule of Civil Procedure 54(d)(1).

Mr. Ball is correct that an attorney signature is required under the procedural rules. Fed. R. Civ. P. 11(a). However, "[a] failure to sign is a mere technical defect," *Burak v. Pennsylvania*, 339 F. Supp. 534, 353 n.2 (E.D. Pa. 1972), and in the absence of prejudice will

not undermine the Court's resolution of the substantive matters at issue, *see id.* (treating an unsigned amended complaint as having been properly amended, even though it was unsigned, because there was no prejudice); *see also Holley Coal Co. v. Globe Indem. Co.*, 186 F.2d 291, 295 (4th Cir. 1951) (affirming a district court's refusal to strike an unsigned pleading because "no reason appeared for this failure to sign other than oversight"); *Grant v. Morgan Guar. Trust Co.*, 638 F. Supp. 1528, 1532 n.6 (S.D.N.Y. 1986) (characterizing the failure to properly sign a pre-trial order as a mere technical violation and treating the pre-trial order as binding).

Here, there was no prejudice to Mr. Ball because he responded to Defendants' Motion to Dismiss. (Dkt. # 68, 69.) There is also no prejudice because the Court denied Defendants' motion to dismiss in all respects, except for the request for costs, to which Defendants were entitled as the prevailing party. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). Moreover, the Court need not strike an unsigned paper if "the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* The Court hereby brings the matter to Defendants' attention.[1] Therefore,

**IT IS HEREBY ORDERED** that Mr. Ball's Motion for Reconsideration (Dkt. # 73) is **DENIED**.

/ / /

/ / /

/ / /

/ / /

---

[1] Although Mr. Ball contends that the filing of his Motion to Strike gave Defendants notice, the Court disagrees because the nature of Mr. Ball's objection is difficult to discern from that motion. The Court likewise will not sanction Defendants for such a technical and non-prejudicial deficiency. Mr. Ball's citation to Federal Rule of Civil Procedure 26(g) is inapposite, as Defendants' Motion to Dismiss was not a discovery request, response, or objection.

1     **IT IS FURTHER ORDERED** that Defendants shall file a signed copy of Dkt. # 67 by **Monday, July 13, 2009**.

DATED this 7th day of July, 2009.

*G. Murray Snow*
United States District Judge